# HANSKI PARTNERS LLC
85 DELANCEY STREET
NEW YORK, NEW YORK 10002
PHONE: 212.248.7400

**MEMO ENDORSED**

February 17, 2025

*Via ECF*
The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Defendant Home Thread Inc. is directed to respond by February 21, 2025.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: February 18, 2025
> New York, New York

Re:   *Motion to Compel Discovery Responses, Including Name of John Doe*
         <u>*Iris Jiminez v. Regent Associates et al; Case No. 1:24-cv-01146 (ER)*</u>

Dear Judge Ramos:

     We, together with the law firm of Smith Legal Advisors LLC, represent <u>plaintiff Iris</u> Jiminez in the above-entitled action. We respectfully ask the Court to compel defendant Home Thread Inc. ("Home Thread") to immediately produce its responses to plaintiff's First Request for Documents and First Set of Interrogatories (collectively, "*Plaintiff's Discovery Demands*") with no objections due to waiver[1]. Plaintiff also respectfully requests the Court's assistance in obtaining the identities of the John Doe defendant by compelling defendant Home Thread to disclose the identities of same.

     Plaintiff's motion to compel is not about deficient responses. Rather this motion is about defendant's failure to provide any disclosures, production or responses. Plaintiff has made multiple good faith attempts to resolve defendant's default, to no avail. Plaintiff has no choice but to bring this motion to compel as defendant refuses to respond to Plaintiff's Discovery Demands which were served more than two months ago.

     I.    <u>Background</u>

     By way of background, on February 16, 2024 plaintiff commenced her action against the defendants, Regent Associates and Home Thread, due to the inaccessibility of their place of public accomodation, a retail store known as Max Deals, located at 4290 Broadway, New York County, NY ("Max Deals"). Plaintiff's Complaint details violations of Title III of the Americans with disabilities Act, 42 U.S.C. § 12181 et seq. (the "ADA"), New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City of New York. Thereafter on August 5, 2024, while shopping at Max Deals, plaintiff was followed within the Max Deals store and then confronted by individuals who attempted to intimidate plaintiff into dropping her case against the defendants. After plaintiff was subjected to this retaliation, she

---

[1] Plaintiff's position is that because defendant failed to provide any response within 30 days as required by Rules 34(b) and 33(b) of the Federal Rules of Civil Procedure, defendant has waived all of its objections as a matter of law. See Fed.R.Civ.P. 33(b)(4); and *Rahman v. Smith & Wollensky*, 2007 WL 1521117 at *2 (S.D.N.Y. 2007).

supplemented and amended her complaint to add a claim of retaliation and to name two additional defendants, including John Doe, as plaintiff was unable to identify the John Doe party. (ECF No. 22).

Prior to the amendment of her Complaint, defendant Home Thread produced partial copies of the store video tape(s) from the date of the incident which substantiates plaintiff's claim of retaliation. After receipt of the partial videos plaintif requested, via informal discovery and via formal written discovery demands, that Home Thread identify John Doe.

As of the filing of this letter, Defendant Home Thread has failed to respond to plaintiff's written discovery requests, including the name of the unidentified defendant John Doe. Defendant Home Thread's responses to Plaintiff's Discovery Demands were first due January 3, 2025.[2] Having received no discovery responses, on January 9, 2025 plaintiff met and conferred with Home Thread at which time Home Thread committed to provide its responses by January 23, 2025. No discovery responses were received by the extended deadline. Consequently, on January 28, 2025 plaintiff contacted Home Thread via email, and Home Thread committed to provide its responses by February 3, 2025. To date Home Thread has not provided its discovery responses nor the names of John Doe.

    II.    <u>Discovery at Issue</u>

The discovery at issue is relevant to the discrimination claims raised by plaintiff in her Complaint and the affirmative defenses raised by defendant in its Answer. Furthermore, plaintiff cannot properly serve defendant John Doe without first ascertaining his identity. Absent an order compelling discovery, plaintiff is unfairly prejudiced because defendants' litigation abuses constrain plaintiff's ability to prosecute her claims. Similar to defendants' unlawful exclusion of the disabled from its public accommodation, defendant Home Thread improperly bars plaintiff from developing relevant evidence to serve John Doe, meet her burden regarding her discrimination claims and to disprove defendant's affirmative defenses.

In addition to seeking the name of John Doe so she can effectuate service on defendant John Doe, plaintiff's Discovery Demands are directly relevant to her public accommodation discrimination claims as they relate to three core areas from which such public accommodation discrimination arises. These three core areas are: (1) architectural, which relates to prohibited design and construction barriers, as well as the design and construction accessibility required at places of public accommodation; (2) financial, which relates to amounts improperly diverted from, and required for, accessibility; and (3) operational, which relates to the discriminatory policies and practices that have disparately impacted plaintiff.

The core areas covered in Plaintiff's Discovery Demands are also directly relevant to the factual issues underlying Home Thread's Answer (ECF No. 13) to the complaint and affirmative defenses to public accommodation discrimination.

---

[2] Plaintiff's Discovery Demands were served on December 4, 2024 with responses due by January 3, 2025. *See* Fed. R. Civ. P. 33(b)(2); and Fed. R. Civ. P. 34(b)(2).

      a. <u>Architectural</u>

Plaintiff's discovery seeks architectural records and construction related documents, including costs (*e.g.*, building plans and permits, property surveys and due diligence reports). As shown above, such documents are germane to plaintiff's claims of discrimination and to show that the architectural and construction components of defendant's de minimis and equivalent facilitation[3] defenses are unsound.

      b. <u>Financial</u>

Plaintiff further seeks financial information from defendant (*e.g.*, the nature and cost of making the premises accessible, overall financial resources of the site, effect on expenses and resources) as it is relevant to plaintiff's claim for damages.

      c. <u>Operational</u>

Lastly, plaintiff's discovery of defendant's operational documents (*e.g.*, manuals, policies and procedures) is directed at showing defendant's policies and practices, such as their policy of stocking the shelves, have disparately impacted plaintiff.

Defendant's refusal to comply with its Federal Rules of Civil Procedure obligations has made it necessary to seek the Court's intervention. Consequently, plaintiff respectfully requests that the Court compel defendant to immediately identify John Doe and to provide its responses to Plaintiff's Discovery Demands, with no objections due to waiver.[4]

Thank you for your time and attention to this matter.

                                                                        Very truly yours,

                                                                        ____/s/_____
                                                                       Robert G. Hanski, Esq.

---

[3] Home Thread's Fifth Affirmative Defense claims that any violations are de minimis; and their Thirteenth Affirmative Defense claims that "equivalent facilitation" has been provided. See ECF Docket No. 13.

[4] See footnote 1, supra.