## SMITH LEGAL ADVISORS LLC

85 DELANCEY STREET
NEW YORK, NEW YORK 10002
PHONE: 920-689-3315

# MEMO ENDORSED

*Via ECF*

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

March 12, 2026

> The defendants are directed to respond by March 17, 2026.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: March 13, 2026
> New York, New York

*Re:*    *Request for Reinspection*
         *Iris Jiminez v. Regent Associates et al; Case No. 1:24-cv-01146 (ER)*

Dear Judge Ramos:

We, together with the law firm of Hanski Partners LLC, represent plaintiff Iris Jiminez in the above-entitled ADA action.  We submit this letter on behalf of Plaintiff to respectfully request leave of Court to conduct a reinspection of the premises at issue, a Max Deals discount store located at 4290 Broadway in Manhattan.   Plaintiff makes this request because defendants Regent Associates' and Home Thread Inc.'s ("Defendants") expert has stated in Defendants' rebuttal report that Defendants have remediated various accessibility barriers alleged in this action.

By way of background, Plaintiff commenced this action after encountering numerous accessibility barriers in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. Dkt. No. 22.  During discovery, Plaintiff's expert conducted an inspection of the premises and issued a report. Defendants' rebuttal report, however, asserts that Defendants have purportedly remediated a number of the alleged barriers. Consequently, Plaintiff served a Rule 34 request seeking to conduct a reinspection of the premises to evaluate the alleged remediation and determine whether the conditions giving rise to Plaintiff's claims have been corrected[1].

Defendants have objected to the requested inspection on the ground that fact discovery has closed and that Plaintiff previously conducted an inspection. Defendants cannot simultaneously represent that the alleged accessibility barriers have been remediated while preventing Plaintiff from verifying those representations through a reinspection.  Plaintiff therefore seeks leave of Court to conduct a reinspection.

Courts addressing ADA accessibility claims permit reinspections where defendants represent that modifications have been made following an initial inspection. Such inspections promote judicial efficiency by narrowing the issues for summary judgment or trial and by

---

[1] Plaintiff noticed reinspection for March 23, 2026 at 1:15 p.m. which coincides with a trip to New York City for Plaintiff's out of town expert.  This was done for timing efficiency and to conserve costs.

avoiding motion practice concerning accessibility barriers that may no longer exist. *Franco v. 380 Second LLC*, No. 1:22-CV-04011, 2024 WL 3862270, at *2 (S.D.N.Y. Aug. 19, 2024) (finding that a reinspection promotes efficiency and is a less costly means of narrowing the issues than motion practice); *see also Dunn v. Eagle Holdings, LLC*, 2015 WL 760247, at *5 (M.D. Ala. Feb. 23, 2015); *Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.,* 975 F. Supp. 2d 1374, 1389 (N.D. Ga. 2013) (holding that a supplemental report that included information from a re-inspection conducted after the close of discovery should be considered by the Court because once defendant asserted that ADA violations had been remedied, plaintiff was entitled to have his expert re-inspect the property to evaluate that claim).

Good cause exists to permit a reinspection notwithstanding the close of fact discovery. The need for the reinspection arises directly from Defendants' post-inspection modifications. Plaintiff could not have evaluated those alleged modifications during the original inspection because they did not yet exist. Allowing a reinspection will ensure that the parties and the Court are evaluating the current conditions of the premises rather than conditions that may no longer exist, enabling the parties to determine which issues still remain in dispute and assisting the Court in resolving this matter efficiently.  Because Title III of the ADA provides only injunctive relief, confirmation of the current conditions of the premises is also necessary to determine whether Defendants' asserted remediation moots some or all of Plaintiff's accessibility claims. Permitting reinspection will also ensure that any assertions of remediation or mootness are evaluated based on verified conditions rather than untested representations.

Plaintiff respectfully asks the Court to grant Plaintiff's expert reinspection to take place on March 23, 2026 at 1:15 p.m. in order to conserve costs and possibly narrow the issues before the Court.

Thank you for your time and attention to this matter.

Respectfully,

/s/

Susan K. Smith, Esq.